TompkiNS, J.
I concur in the opinions delivered.
SPENCER, J.
Several objections have been taken to the sward and replication.
*241 1. That the condition of the bond is in the alternative, if the defendant pays 100Z. if he does not abide by the award, then the bond to be void, and that the plaintiff should have averred the non-payment of the 100Z.
This bond is inartificially drawn. The 1001. mentioned in the condition, can be regarded in no other light than a superadded penalty, not recoverable in the non-payment of the eleven pounds ten shillings. When, therefore, the plaintiff alleges the non-payment of the eleven pounds ten shillings, he alleges a substantial breach in the award. I reject the mention of the 100Z. as wholly superfluous. It is not an alternative imposed by the arbitrators.
2. That the plaintiff has not averred the performance of those parts of the award to be performed by him, and for the benefit of the defendant.
The payment of the eleven pounds ten shillings does not depend on any condition precedent; it is an independent and substantive part of the award. It is said that the finishing of the house was for the benefit of the defendant; but this does not appear from the award; nor does it appear on what account the eleven pounds ten shillings were to be paid.
3. That all matters are not decided on by the arbitrators.
This is not requisite. An award may be good in part and void in part. This award requires that receipts should be passed between the parties from the begining of the world to the day of the award; it also awards that all controversies *shall cease. There are some parts of the award faulty, particularly as to the costs. But courts of law have regarded awards with so favorable an eye, as not to suffer the good parts of them to be injured by the bad. In my opinion judgment ought to be rendered for the plaintiff.
THOMPSON, J.
The objections taken by the defendant’s counsel to the plaintiff’s right of recovery in this case, *242 may be considered, first, as against the replication; and secoudly, as against the award of the arbitrators. The ex* ceptions .to the Veplication are, that the plaintiff should have averred performance on his part, and also should have alleged that the defendant had not paid the 100Z. mentioned in the condition of the bond, nor performed the award, considering the condition of. the bond in the alternative’ The cases which require an averment of performance on the part of the plaintiff are, where what is awarded to be done by him is void, and where his performance is a condition precedent. Kyd. 197. Where the award is void on his part, he should suggest performance to remove all objections on the part of the defendant on the ground of want of mutuality. ■ Where performance on the part of the plaintiff is a condition precedent, it falls within the general rule, that where a plaintiff’s right or interest commences upon condition or act to be done by him, he must aver and show performance on his part to entitle him to recover. 5 Bac. Abr. 337. Neither of these rules, however, can be applied to this case. Eor performance on the part of the plaintiff is not a condition precedent, nor is the award wholly void as to the acts to be done by him. This exception must therefore fail: nor do I think the other objection to the replication well taken. The .condition of the bond is inartificially worded. But the obvious intention of it was to abide the award, and not for the payment of the 100Z. in any event. Admitting it, however, to be in the alternative, either to pay the 100Z. or perform the award; it was so at the election of the defendant. If he had made his election and had paid the 100Z. he ought to have pleaded it, which would have been a good answer to the present action. Kyd. 204. The rule that where an award is in the alternative, the plaintiff in assigning the breach must allege that the defendant has neither done the one nor the other, cannot apply. The award is not of that description. The alternative, if any, is in the condition of the bond.
The exceptions taken to tbe award 'are, that it is not mutual; that it is not pursuant to the submission; does not embrace *all matters in controversy, and is uncertain. The award that the parties shall pass receipts to each other from the beginning of the world to the date of the award, is equivalent to an award of a final settlement; and that the parties should execute tc each other general releases, which has been uniformly held sufficient to render an award mutual. Kyd, 148, 149. I do not see in what respect the award is not pursuant to the submission. The submission is a general one of all matters of controversy. 2D. & E. 647. These words are sufficiently broad to embrace every subject of dispute between the parties, and the award purports to be a final settlement of all differences. Although the submission contains no power of awarding respecting costs, yet that is held to be a power- necessarily incident to the authority of the arbitrators. Kyd, 100. The uncertainty in the award, however, as to the costs, and as to the house to be finished by the parties, and the stove, which the defendant had a right to elect to keep, cannot affect the plaintiff’s right qf recovery. No breach is alleged in these respeets ; nor does it appear for whose benefit those things were to be done. Besides, I am not satisfied that all these uncertainties might not be supplied by proper averments. But admitting the award to be bad in these particulars, an award may be good in part although bad in part. The only breach assigned is the non-payment of the eleven pounds ten shillings, which is a distinct and independent matter. In this the award is sufficiently certain and good. 1 think the case of Fox v. Smith very analogous to this. 2 Wils. 267. The chief justice there says, if the award b a good in the part whereof the breach is assigned, (the defendant having admitted the breach by his demurrer,) the plaintiff must have judgment, and in this tha whole court concurred.
I am therefore of opinion that none of the exceptions *243 are well taken, and that tbe plaintiff should have judgment.
Judgment for the defendant.